**Robert F. SMITH, Plaintiff,**

v.

**Sheriff Thomas VAUGHN, individually and officially in his capacity as sheriff, Desk Sergeant Sally Campbell, Investigator Ed Campbell and Lieutenant Jim Roy, Defendants.**

**No. 95–249–CIV–FTM–17D.**

United States District Court,
M.D. Florida,
Fort Myers Division.

April 14, 1997.

John Dawson Mills, Law Office of John D. Mills, Ft. Myers, FL, for Plaintiff.

John W. Lewis, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO TAX COSTS AND FOR AN AWARD OF ATTORNEYS' FEES

KOVACHEVICH, District Judge.

This action is before the Court on the Motion to Tax Costs and for an Award of Attorneys' Fees (Dkt.34) and Memorandum of Law (Dkt.35) of Defendants, Sheriff Thomas Vaughn, individually and officially in his capacity as Sheriff, and Lieutenant Jim Roy, individually. Plaintiff, Robert E. Smith, has responded with his Memorandum of Law in Opposition to Defendants' motion (Dkt.36).

### BACKGROUND

Plaintiff, Robert E. Smith, asserted three causes of action in his original complaint before this Court. The first cause of action was a civil rights action brought under 42 U.S.C. § 1983. The second cause of action was a claim for false arrest and malicious prosecution. The third cause of action was for declaratory and injunctive relief resulting from the civil rights claim.

### STATEMENT OF FACTS

On February 18, 1994, Plaintiff and his brother, Matt Smith, arrived on the property of Susan Alderman, Matt Smith's former fiance. While Plaintiff and his brother Matt were outside their vehicle, and Ms. Alderman was in her vehicle, Matt Smith and Ms. Alderman engaged in a heated argument.

Plaintiff Robert Smith asserts that Ms. Alderman shouted a threat and attempted to pull a gun out of the holster that was in her vehicle. Plaintiff then lunged toward the vehicle, wrestled Ms. Alderman for the loaded gun, and finally grabbed the gun out of her hand. Plaintiff and his brother, Matt Smith, then took the gun to Hendry County Sheriff's Department to file a charge of attempted murder against Ms. Alderman.

Robert and Matt Smith reported the incident to Sergeant Forbes at the Hendry County Sheriff's Department. Sergeant Forbes contacted Investigator Teal, who then turned the investigation over to Desk Sergeant Sally Campbell and Investigator Ed Campbell.

According to Desk Sergeant Campbell's affidavit, Ms. Alderman appeared at the Hendry County Sheriff's Department on the date of the incident with swollen lips, bright red gums, and a bruised, swollen hand. Desk Sergeant Campbell took photographs of Ms. Alderman's injuries.

In her statement to Desk Sergeant Campbell on February 18, 1994, Ms. Alderman stated that Plaintiff struck her on the left side of her face and then reached further into her vehicle to retrieve the gun which was in its holster. She also stated that she was further injured as she attempted to stop Plaintiff from taking the gun, which was lying on the passenger's seat of her vehicle. According to her statement, Ms. Alderman did not take the gun out of its holster, as Plaintiff contends, but only attempted to stop Plaintiff from taking the gun from her vehicle.

Plaintiff Robert Smith and his brother, Matt Smith, allegedly refused to give Desk Sergeant Campbell their statements of what happened. In Desk Sergeant Campbell's presence, Ms. Alderman allegedly told Matt

Smith, "I'm tired of your family hitting me" to which her former fiance allegedly replied, "I know, it won't happen again. This will end it."

Desk Sergeant Campbell, whom Plaintiff claims knew Ms. Alderman personally because her mother was a former employee at Hendry County Sheriff's Department, consulted with Investigator Ed Campbell regarding Ms. Alderman's statement. Investigator Campbell arrested Plaintiff on February 18, 1994 and allegedly told him that his army career was over. Investigator Campbell also allegedly told Plaintiff that he was going to spend ten (10) years in jail for the charges being made against him. The charges against Plaintiff were first degree burglary of a conveyance, grand theft of a firearm, and battery.

Plaintiff's father, a Lee County Sheriff's officer, traveled to Hendry County Jail, where Plaintiff was being held, and talked to Sheriff Vaughn and other employees of the Sheriff. Plaintiff Robert Smith was then released and was told that the case was over and that nothing further would be done concerning the case.

On February 19, 1994, Plaintiff spoke with Lieutenant Jim Roy and attempted to file a formal complaint regarding the way he was treated on the previous day. Plaintiff claims that Lieutenant Roy refused to allow Plaintiff to file a formal complaint and stated to Plaintiff that he should still be in jail and that his army career was over.

The Sheriff's office later presented Susan Alderman's affidavit to the state attorney's office, which filed an Information against Plaintiff (Docket 14, Exhibit B). On April 11, 1994, Judge James Sloan determined that probable cause existed to hold Plaintiff for trial (Docket 14, Exhibit C).

Six weeks after Plaintiff returned to his army base in Savannah, Georgia, he was approached by his base commander who told him that there was a warrant for his arrest out of Hendry County, Florida. Plaintiff asserted that he was shocked, humiliated, scared and angry. Plaintiff took a temporary leave from his army base and turned himself in to the Hendry County jail.

Plaintiff then retained a criminal defense attorney for $2,500.00, posted a $1,500.00 bond, and returned to his army camp in Savannah. Plaintiff was told that a felony conviction would destroy his accrued benefits and that such a conviction would have him kicked out of the army. Plaintiff contends that he suffered mental worry and anguish until August 16, 1994, when the State Attorney's Office dismissed the charges against Plaintiff at Ms. Alderman's request.

### PROCEDURAL HISTORY

In his original complaint, Plaintiff Robert Smith claimed violations of his civil rights under the Fourth, Fifth and Fourteenth Amendments and under 42 U.S.C. § 1983. Plaintiff alleged that he was denied his right to freedom from the seizure of his person without a lawfully issued warrant and that he was also denied due process and equal protection of law.

Plaintiff based his claims on the following allegations: 1) that Defendants Desk Sergeant Sally Campbell and Investigator Ed Campbell arrested him without probable cause on February 18, 1994; 2) that Lieutenant Jim Roy threatened Plaintiff and refused to allow him to file a formal complaint against the Hendry County Sheriff's Department; and 3) that Sheriff Thomas Vaughn appeared at Plaintiff's bond hearing and asked for a high bond of $15,000.00.

Defendants Sheriff Thomas Vaughn, individually and in his capacity as sheriff, and Lieutenant Jim Roy, individually, asserted that probable cause to arrest Plaintiff did exist. Defendants argued that because probable cause existed, a subsequent § 1983 action would be barred.

Plaintiff's second cause of action was for malicious prosecution. Plaintiff supported his claim by contending that Defendants knew that the allegations contained in the arrest warrant were false and that it was brought without probable cause. Plaintiff further alleged that the action against him was instituted and prosecuted with malice and without any reasonable probability of success. According to Plaintiff, these actions constituted a wanton and reckless disregard

for Plaintiff's legal and protected rights and interests, as well as a willful attempt to injure Plaintiff.

In his third cause of action, Plaintiff sought declarative and injunctive relief, alleging that the policies of the Hendry County Sheriff's Department did and would continue to cause plaintiff, and persons similarly situated, irreparable harm. Plaintiff claimed that he, and others similarly situated, would suffer serious and grievous harm unless these policies were stopped.

On April 10, 1996, Defendants Sheriff Thomas Vaughn and Lieutenant Jim Roy filed their Motion for Summary Judgment (Docket 14) and Memorandum in Support (Docket 15), arguing that they did have probable cause to arrest the Plaintiff. This Court granted Defendants' Motion for Summary Judgment based on its determination that there was probable cause to arrest the Plaintiff, therefore effectively barring a civil rights and malicious prosecution action. Accordingly, Plaintiff's claims against the Defendants were dismissed.

In their Motion to Tax Costs and for an Award of Attorneys' Fees, Defendants, Sheriff Thomas Vaughn, individually and officially in his capacity as sheriff, and Lieutenant Jim Roy, individually, seek a judgment against Plaintiff, Robert E. Smith, in the amount of $7,330.75.

## DISCUSSION

■ In their request for taxation of costs, Defendants contend that, as prevailing parties, they are entitled to an award of costs pursuant to Rule 54, Fed.R.Civ.P., 28 U.S.C. § 1920, and Local Rule 4.18. There is a presumption that prevailing parties will receive costs unless the losing party demonstrates some fault, misconduct, default, or action worthy of penalty on the prevailing side. *Desisto College v. Town of Howey-in-the-Hills,* 718 F.Supp. 906, 910 (M.D.Fla. 1989). In his Memorandum of Law in Opposition to Defendants' Motion to Tax Costs and for an Award of Attorneys' Fees (Docket 36), Plaintiff expressly concedes that Defendants are entitled to tax costs. Accordingly, this Court grants Defendants' request for costs including deposition, subpoena, witness

and court reporter fees in the amount of $672.25.

■ Defendants further contend that they are entitled to an award of attorneys' fees against Plaintiff pursuant to 42 U.S.C. § 1988 and Sections 57.105 and 768.79, Florida Statutes. 42 U.S.C. § 1988(b) provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....

Similarly, Section 57.105(1), Florida Statutes, limits recovery of attorneys' fees to the prevailing party and provides:

(1) The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.

In the alternative, Defendants rely on Rule 68, Fed.R.Civ.P., and Section 768.79, Florida Statutes, in their request for an award of attorneys' fees incurred after their offer of judgment on March 15, 1996.

Plaintiff responds that the lawsuit had merit to file. The Court finds that this case was not totally devoid of justiciable issues of fact, although the Court did ultimately find, in addressing the dispositive motion, that there was no dispute as to the material facts on which the decision to arrest Plaintiff was made. The Court has already discussed the issue in its order on the motion for summary judgment (Dkt.32).

The Court finds that Rule 68 controls the award of attorney's fees in this case, based on the written Offer of Judgment that was not accepted by Plaintiff. The Court therefore awards attorney's fees in the amount of $3,231.50. This amount includes only attorney's fees incurred after the Offer of Judgment was made. Accordingly, it is

**ORDERED** that Defendants' Motion to Tax Costs and for an Award of Attorneys' Fees (Dkt.34) is **granted** as to taxation of costs in the amount of $672.25 and **granted** as to an award of attorneys' fees in the amount of $3,231.50. The Clerk of Court shall enter a final judgment in the amount of $3,903.75 in favor of Defendants.